INKU NAM (Nevada Bar No. 12050)
E: INam@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, Nevada 89101
Telephone: 725.286.2808

*Attorneys for Defendant*
*EXPERIAN INFORMATION SOLUTIONS, INC.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DE-SHAUN JOHNSON, | Case No. 2:25-cv-01938-JAD-BNW |
| Plaintiff, | |
| v. | **AMENDED JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendants. | |

Plaintiff, De-Shaun Johnson ("Plaintiff") and Defendant, Experian Information Solutions, Inc. ("Experian"), hereby refiles this joint discovery plan and scheduling order. The parties indicated that this discovery plan would be refiled after counsel for Experian received Plaintiff's authorization to file with his e-signature. The Plaintiff has also requested that additions be included, but there have been no changes to the actual dates for discovery.

**A)    STATEMENT OF CLAIMS/NATURE OF CASE**

**1. Plaintiff:** This is an action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff alleges that Defendant Experian Information Solutions, Inc. failed to clearly and accurately disclose all information contained in Plaintiff's consumer file in response to Plaintiff's request for a consumer disclosure, in violation of 15 U.S.C. § 1681g(a). Specifically, Plaintiff alleges that Experian omitted full account numbers, complete account information, and payment history for multiple tradelines despite such

information being contained in Experian's file and reported by furnishers at the time of Plaintiff's request. Plaintiff seeks statutory damages, actual damages, punitive damages, costs, and other relief as permitted by law.

**2. Experian:** Experian denies Plaintiff's claims. Experian is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Experian essentially functions as storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's consumer reports and conducted a reasonable reinvestigation into any of Plaintiff's disputes when required to do so. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

**B.     STATUS OF SERVICE**

The named defendant has been served with the complaint and related documents.

**C.     JOINDER OF PARTIES**

The Parties do not contemplate any joinder of additional parties at this time.

/ / /

/ / /

**D.     AMENDMENTS**

Plaintiff: Plaintiff anticipates seeking leave to amend the pleadings following discovery to conform the pleadings to the evidence, including facts related to Defendant's policies, procedures, and systems governing consumer disclosures.

Experian does not anticipate amending its pleadings but reserves the right to do so.

**E.     JURISDICTION AND VENUE**

Plaintiff alleges that this Court has subject matter jurisdiction over the asserted claims based upon the alleged violation of a federal statute, namely, the Fair Credit Reporting Act codified at 15 U.S.C. §1681, *e. seq.*  No issues exist regarding personal jurisdiction or venue.

**F.     ANTICIPATED MOTIONS AND SCHEDULING**

**Plaintiff:** Plaintiff anticipates filing dispositive and non-dispositive motions, including but not limited to motions for summary judgment, motions to compel discovery, motions for sanctions if warranted, and motions in limine. Plaintiff also anticipates responding to any dispositive or non-dispositive motions filed by Defendant

**Experian:** Experian anticipates filing a dispositive motion in this matter. Experian reserves the right to file other motions as necessary in accordance with the Court's scheduling order.

**G.     DISCOVERY PLAN/SCHEDULING ORDER**

A proposed discovery plan pursuant to Federal Rule of Civil Procedure Rule 26(f) is as follows:

1.     **Initial Disclosures**.  This Parties propose to exchange their initial disclosures on or before February 6, 2026.

2.     **Timing and Subjects of Discovery**.  The parties agree it is unnecessary to conduct discovery in phases or that discovery be limited or focused on particular issues.  The Parties agree to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure.  The Parties anticipate engaging in written discovery.  The Parties also anticipate taking depositions as necessary.

3.     **Discovery of Electronically Stored Information**.  The Parties agree that

3

discovery should be produced in an accessible, secure, and convenient manner and that they will discuss production of ESI if and when discovery of ESI is triggered.

The Parties further agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses for all counsel of record.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.  Hard copies of all electronically served documents will be made available to any party upon request.

**4.** **Claims of Privilege or Protection**.  The Parties anticipate production of confidential, trade secret, and/or commercially sensitive information during the pendency of this action.  If the Parties require a protective order, one will be submitted to the Court.

**5.** **Limitations on Discovery**.  The Parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**6.** **Other Orders**.  None at this time.

**7.** **Discovery Cut-Off:** Defendant appeared in this matter on November 3, 2025. Therefore, the Parties propose May 2, 2026, as the fact discovery cut-off date.  The Parties propose March 2, 2026, for the expert written disclosures date and April 1, 2026, for rebuttal disclosures. The Parties propose June 2, 2026, as the expert discovery cut-off date.

**H.** **FUTURE PROCEEDINGS**

The Parties propose the following schedule:

| | |
|---|---|
| Fact Discovery cut-off: | May 2, 2026 |
| Amending Pleadings/Add | February 2, 2026 |
| Dispositive motion filing cut-off: | June 2, 2026 |
| Joint Pretrial Order: | July 2, 2026, or 30 days after a decision on the dispositive motions |

4

**I.**    **APPROPRIATENESS OF SPECIAL PROCEDURES:**

None.

**J.**    **ESTIMATED LENGTH OF TRIAL**

Plaintiff has requested a jury trial.  Plaintiff estimates the trial will take approximately _ days depending on what issues remain to be tried.

Experian: Experian estimates 2-3 days for trial.

**K.**    **PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

The Parties agree that no modification of standard pretrial procedures is needed.

**L.**    **RELATED CASES:**

No known cases are related to the instant action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

**M.     SETTLEMENT CONFERENCE.**

**Plaintiff:** Plaintiff is willing to participate in a settlement conference in good faith and believes that limited discovery will assist the Parties in evaluating the merits and potential resolution of this action.

**Experian:** Experian is amendable to a settlement conference with preference for the Court's Mediation Panel.

**N.     ADDITIONAL MATTERS**

None.

Dated this 26th day of January, 2026

/s/ De Shaun Johnson                                      /s/ Inku Nam
De-Shaun Johnson                                         INKU NAM
1421 N. Jones Blvd. #478                                 Nevada Bar No. 12050
Las Vegas, NV 89108                                      O'HAGAN MEYER PLLC
                                                         300 S. 4th Street, Suite 1250
Pro Se Plaintiff                                         Las Vegas, Nevada 89101
                                                         Tel. 725.286.2808

                                                         Attorneys for Defendant
                                                         EXPERIAN INFORMATION SOLUTIONS, INC.

The above, proposed discovery plan and scheduling order is granted in part. This Court has altered some of the proposed dates to conform with Local Rule 26-3(b). IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Date: January 27, 2026

6